UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Donald R. Madison

    Plaintiff,

v.

Case No. 3:14cv570/CJK

Carolyn v. Colvin
Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

This case is before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Donald R. Madison's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-34. Pursuant to 28 U.S.C. § 636(c) and FEDERAL RULE OF CIVIL PROCEDURE 73, the parties have consented to Magistrate Judge jurisdiction for all proceedings in this case, including entry of final judgment.

Upon review of the record before this court, I conclude the Administrative Law Judge's ("ALJ") decision is based upon substantial evidence. The decision of the Commissioner, therefore, will be affirmed and the application for benefits denied.

## ISSUE ON REVIEW

Mr. Madison, who will be referred to as claimant, plaintiff, or by name, raises one issue. He claims the ALJ erred in not finding his hemorrhoids a severe impairment.

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB on August 26, 2013, which was denied on November 22, 2013. T. 102-04.[1] Plaintiff filed a request for reconsideration on December 4, 2013; plaintiff's request was denied. T. 106-11. Plaintiff then filed a request for a hearing by an ALJ. T. 113. A hearing was held on April 15, 2014, and the ALJ issued a decision on April 23, 2014, denying plaintiff's application for benefits. T. 38, 31. Plaintiff requested review by the Appeals Council, which denied plaintiff's request on August 23, 2014. T. 1. The ALJ's decision thus became the final determination of the Commissioner. Plaintiff commenced this action seeking review of the Commissioner's decision. T. 2.

## STANDARD OF REVIEW

A federal court reviews a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."). Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

---

[1] The administrative record, as filed by the Commissioner, consists of nine volumes (docs. 11-2 through 11-10), and has 570 consecutively numbered pages. References to the record will be by "T.," for transcript, followed by the page number.

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With reference to other standards of review, the Eleventh Circuit has said, "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (quoting *Lewis*, 125 F.3d at 1439). Although the ALJ's decision need not be supported by a preponderance of the evidence, therefore, "it cannot stand with a 'mere scintilla' of support." *See Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. *See Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

The reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner] . . . .'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court also may not look "only to those parts of the record which support the ALJ[,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Review is deferential to a point, but the reviewing court conducts what has been referred to as "an independent review of the record." *See Flynn v. Heckler*, 768 F.2d. 1273, 1273 (11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011 WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011 WL 861785 (M.D. Fla. Feb. 28, 2011).[2]

---

[2] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision on whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec.Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Case No. 3:14cv570/CJK

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability, the physical or mental impairment must be so severe that the plaintiff is not only unable to do his previous work, "but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(g), the Commissioner analyzes a disability claim in five steps:

1. If the claimant is performing substantial gainful activity, he is not disabled.

2. If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

3. If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.[3]

5. Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy

---

[3] Claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. *Chester v. Bowen* 792 F.2d 129, 131 (11th Cir. 1986).

that accommodates his residual functional capacity and vocational factors, he is not disabled.

## FINDINGS OF THE ALJ

In her written decision, the ALJ made a number of findings relevant to the issue raised in this appeal:

- Claimant met the insured status requirement of the Social Security Act through December 31, 2017. T. 24.

- Claimant has not engaged in substantial gainful activity since June 30, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*). *Id.*

- Claimant has the following severe impairments: degenerative joint disease of the knees bilaterally, left ankle arthritis, and obstructive sleep apnea (20 CFR 404.1520(c)). *Id.*

- Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). T. 26.

- Claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations: the claimant can lift/carry no more than twenty pounds occasionally and ten pounds frequently. Claimant can stand and walk no more than fifteen minutes at one time and no more than two hours in an eight-hour day. Sitting is limited to one hour at a time, and the claimant would then require a "stretch break" lasting less than five minutes, although claimant would not need to leave the workstation. Claimant can never operate foot controls, kneel, crawl, work around unprotected heights or dangerous equipment, or climb ladders, scaffolds, ropes, ramps, or stairs. Claimant can occasionally bend, stoop, and crouch.

## FACT BACKGROUND AND MEDICAL HISTORY[4]

Plaintiff claims error in the ALJ's failure to include hemorrhoids as a severe impairment. Pl. Mem. 4. Plaintiff testified at the hearing before the ALJ regarding his work experience, daily activities, and health. Plaintiff previously worked as an administrative supervisor, online classroom designer, and desk supervisor. T. 49-56. From 1998 to 2003, plaintiff served as a sergeant and administrative supervisor in the United States Army and sat for eight hours a day. T. 211. From 2004 to 2005, plaintiff worked as a desk supervisor at Alabama State University and sat for four hours a day. T. 210. From 2006 to 2013, plaintiff worked as an online instructor with a private company and sat for seven hours a day. Plaintiff said he needed to take periodic breaks to elevate his leg, which prevented him from completing tasks and led to his resigning from work in 2013; plaintiff has been unemployed since. T. 47, 213.

Following his resignation, plaintiff began taking care of his father, who suffers from dementia. T. 48. In conjunction with care for his father, plaintiff performs a number of tasks such as preparing breakfast and lunch, shaving, and occasionally going outside and listening to the radio. T. 57. With respect to physical capabilities, plaintiff claims to now sit only twenty to thirty minutes at a time. T. 54. Constant sitting causes aggravation and flare-ups of his hemorrhoids. T. 51. Plaintiff attends church "when [he] is able to." T. 55. Plaintiff has a driver's license and is able to drive. *Id.* In his free time, plaintiff reads and watches television. T. 57.

---

[4] The recitation of medical and historical facts of this case, as set out below, is based on the court's independent review of the record. Although intended to be thorough and to provide an overview of claimant's history of care and treatment, the synopsis of medical evidence will be supplemented as necessary in the Analysis Section.

Little medical evidence appears in the record regarding plaintiff's hemorrhoids. The scant records show only that plaintiff had an in-person examination on May 29, 2013, at the Veterans Affairs Medical Center in Houston, Texas. T. 322. Plaintiff reported he has had hemorrhoids since 1982: "C file review shows multiple treatment[s] of hemorrhoids starting in 1982, and noted to have thrombosed[5] hemorrhoid[s] in 1984. At latest exam in 1986, hemorrhoid non-thrombosed and rectal exam was normal." T. 342. According to the exam conducted at the VA clinic, plaintiff has small or moderate external hemorrhoids. T. 344. The only medication plaintiff has taken for hemorrhoids is Preparation H, as directed by Jonathan E. Fountain, M.D., applied twice daily. T. 248, 342. In a disability determination explanation, on December 13, 2013, Christina Rodriguez, M.D., noted plaintiff can sit approximately six hours in an eight-hour work day with normal breaks. T. 94.

## ANALYSIS

At step two of the sequential analysis, 20 C.F.R. § 404.1520(a)-(g), the ALJ must determine whether the claimant has a severe impairment that keeps him from performing his past work. *See* 20 C.F.R. § 1520(c). The burden at this step is on the claimant. *See Chester v. Bowen*, 792 F. 2d 129, 131 (11th Cir. 1986). As to "severe impairment," the Commissioner's Regulations provide:

**What we mean by an impairment(s) that is not severe.**

(a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

---

[5] A thrombosed external hemorrhoid is a painful swelling in the anal tissues caused by a clot (or "thrombus") in one or more of the small veins in the anal skin. http://www.med.umich.edu/1libr/Surgery/GenSurgery/ThombosedHem.pdf

Case No. 3:14cv570/CJK

> (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>
>> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>>
>> (2) Capacities for seeing, hearing, and speaking;
>>
>> (3) Understanding, carrying out, and remembering simple instructions;
>>
>> (4) Use of judgment;
>>
>> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>>
>> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521. The Commissioner has adopted an interpretive ruling that specifically addresses how to determine whether medical impairments are severe. The ruling provides in part:

> As explained in 20 CFR, sections 404.1520, 404.1521, 416.920(c), and 416.921, at the second step of sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments "of such severity" as to be the basis of a finding of inability to engage in any SGA [substantial gainful activity]. An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities). Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an

> impairment found to be not severe would not prevent him or her from engaging in SGA.

SSR 85-28, 1985 WL 56856, at *3 (1985).

As applied, the step two severity determination is a threshold inquiry used to screen out "trivial" claims, meaning an impairment is not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also Bowen v. Yuckert*, 482 U.S. 137, 145 n.5 (1987); *Stratton v. Bowen*, 827 F.2d 1447, 1453 (11th Cir. 1987); *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Emphasizing the threshold nature of the step two finding, the Eleventh Circuit observed that the proper standard "allows only claims based upon the most trivial impairments to be rejected." *See id.* Accordingly, "severe impairment" is a "*de minimis* requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working." *Stratton*, 827 F.2d at 1452 n.9 (quoting *Baeder v. Heckler*, 768 F.2d 547, 551 (3d Cir. 1985)).

Plaintiff claims the ALJ erred by failing to find hemorrhoids a severe impairment. In advancing this argument, however, plaintiff relies solely on his hearing testimony. Plaintiff testified he cannot sit longer than an hour at a time. T. 54. Specifically, plaintiff stated "constant sitting has aggravated my hemorrhoids as well because I've had to get more medication for that because they are flaring up constantly." T. 51. Plaintiff presented no corroborating or medical evidence to affirm the severity of the condition, and, specifically, the claimed limitation as to sitting. According to the medical treatment chart, plaintiff's last incident of severe or thrombosed hemorrhoids was in 1984. T. 342. No surgeries have been

performed, and plaintiff exhibits no scars resulting from alleged severe hemorrhoids. T. 344. The evidence indicates that, notwithstanding this condition, plaintiff has worked for more than thirty years and needed to medicate only two times per day. T. 213, 248. Notably, on October 31, 2013, plaintiff interviewed with Dale Nutter of the Pensacola Social Security Administration and stated that his hemorrhoids did not cause functional limitations. T. 221.

Plaintiff not only relies solely on his own testimony to establish the alleged impairment, but he fails entirely to grapple with the ALJ's finding on credibility. The ALJ found plaintiff's testimony not fully credible. As the ALJ noted, Plaintiff did not receive routine treatment despite the fact that the hemorrhoids have existed since 1982. T. 29. Although plaintiff submitted numerous medical records from the Cypress Fairbanks Supplemental Emergency Department, none of these records regarded plaintiff's hemorrhoids. T. 285-317. Plaintiff also did not mention hemorrhoids to Michael E. Kasabian, M.D., when plaintiff met with him on November 15, 2013, regarding the application for Social Security benefits. T. 480.

Plaintiff states the ALJ should have considered the hemorrhoids when determining plaintiff's residual functional capacity. The face of the decision suggests the ALJ considered plaintiff's hemorrhoids. In fact, plaintiff mentioned hemorrhoids twice in the hearing. T. 51, 54. The ALJ thus was aware of the condition and considered plaintiff's hemorrhoids when finding plaintiff could perform sedentary work but could sit for only one hour at a time with a five minute "stretch break." T. 29, 94.

Even assuming the ALJ should have identified hemorrhoids as a severe impairment, any such error was harmless. *See* Fed. R. Civ. P. 61 (Courts will disregard any errors or defects in a lower tribunal that "do not affect any party's

substantial rights."); *see also Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine in the context of a social security case). The persuasiveness of plaintiff's argument on this point is further diminished by the ALJ's finding of multiple severe impairments at step two of the sequential evaluation process. Because step two requires only that the ALJ find at least one severe impairment to proceed to the next evaluative step, and the ALJ did this, neglect to mention hemorrhoids as a severe impairment could not be harmful in this case. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. June 11, 2010) ("'[T]he finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe' is enough to satisfy step two.") (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). The undersigned cannot find that the residual functional capacity calculus would have been materially altered by the mere mention of hemorrhoids as a severe impairment where, as here, the ALJ has given at least some credence to all of plaintiff's complaints of disabling pain. Moreover, plaintiff devotes no argument at all to persuading the court that the ALJ committed harmful error.

**ACCORDINGLY, it is ORDERED:**

The decision of the defendant Commissioner is AFFIRMED and plaintiff's request for additional Disability Insurance Benefits is DENIED.

At Pensacola, Florida, this 9th day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**